UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BERKAN KOCAK,**

Plaintiff,

v. **No. 4:26-cv-01434-P**

**SUECANTAS LLC, ET AL.,**

Defendants.

## ORDER

Plaintiff filed the above-captioned case on November 8, 2026. ECF No. 1. The same day, Plaintiff received specific notice that he must comply with Local Rule 83.10(a) within 14 days or risk the dismissal of this case without further notice. *See* ECF No. 4. Local Rule 83.10(a) requires the appearance of local counsel "where an attorney appearing in a case does not reside or maintain [their] principal office in this district." N.D. TEX. R. 83.10(a). "Local counsel" is defined as a member of the bar of this Court who resides or maintains their principal office in this district. *Id.* A review of the record reveals that Plaintiff has failed to comply with Local Rule 83.10(a) despite the Court's warning that this could result in dismissal of this case without prejudice.

More than 14 days have passed since the Court's warning. This Court has a long and consistent practice of requiring litigants to strictly adhere to the Local Rules.[1] And "[a]lthough the language of Rule 41(b) requires

[1] *See, e.g.*, *Six Flags Ent. Corp. v. Travelers Cas. & Sur. Co. of Am.*, No. 4:21-CV-00670-P, 2021 WL 2064903, at *1 (N.D. Tex. May 21, 2021) (Pittman, J.) (dismissing lawsuit without prejudice for failure to comply with Local Rule 83.10(a) requiring local counsel); *United States v. Thomas*, No. 4:13-CV-688-A, 2013 WL 11332537, at *1–2 (N.D. Tex. Sept. 5, 2013) (McBryde, J.) (holding that Local Rule 83.10(a) required Austin-based attorney to designate local counsel); *Robert Cook & Associates, Inc. v. Illinois Nat'l Ins. Co.*, No. 7:09-CV-141-O, 2010 WL 11619707, at *1 n.1 (N.D. Tex. Aug. 19, 2010) (O'Connor, J.) (admonishing defense counsel that "disregard of the Local Rules is burdensome for those required to analyze and adjudicate Defendant's motion" and ordering

that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Maples*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

Accordingly, the Court **ORDERS** that this case is **DISMISSED without prejudice** per Rule 41(b) of the Federal Rules of Civil Procedure.[2]

**SO ORDERED** on this **24th day** of **November 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

counsel "to file a statement notifying the Court . . . why they failed to comply with the local rules and whether this failure should result in the forfeiture of their right to practice in the Northern District of Texas"); *Harper v. Am. Airlines, Inc.*, No. 4:09-CV-318-Y, 2009 WL 4858050, at *1–2 (N.D. Tex. Dec. 16, 2009) (Means, J.) (denying motion to declare class-certification motion timely because plaintiff failed to comply with Local Rule 23.2 and "once on this Court's docket the case becomes subject to this Court's local rules").

[2] Should the dismissal *without* prejudice function as a dismissal *with* prejudice in this case, *see, e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992) (discussing instances where dismissal without prejudice functions as with prejudice, such as when a suit would be time-barred if plaintiff were forced to refile), Plaintiff must notify the Court in a timely and appropriately supported motion.